Sheppard *v.* Frank & Seder, Inc., Appellant.

Argued March 23, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Henry Kauffman,* with him *Louis Little,* for appellant.

*R. B. Ivory,* of *Ivory & Ivory,* with him *McClure & McClure,* for appellee.

374

OPINION BY MR. CHIEF JUSTICE FRAZER, April 27 1932:

Plaintiff sued to recover damages for unlawful arrest and detention by employees of defendant corporation on a false accusation. When the case came to trial, the trial judge gave binding instructions in favor of defendant; but following the verdict the court in banc allowed plaintiff's motion for a new trial, from which defendant appeals.

Plaintiff's testimony was as follows: The arrest occurred in defendant's department store in Pittsburgh, where, two days before the occurrence, she purchased a coat on the charge account in her husband's name, which they had used for some years. On the morning of the arrest, on her way to the railroad station to take a train for Buffalo, where she was to meet a friend, she called at defendant's store to make purchases, carrying the new coat over her arm. As she was leaving the building, an employe of defendant approached and loudly accused her of stealing the garment she was carrying, and with others of defendant's employees forcibly took her to a store office, repeating the accusation of theft and refusing to permit plaintiff to communicate with her husband or anyone else by telephone. Eventually, defendant's agents found they were mistaken, and that the coat had been bought several days before on the Sheppard charge account, but before allowing Mrs. Sheppard to depart, they insisted that she sign a paper, stating, when she asked what it was, "You are not exonerated until you sign this paper." The arrest had caused Mrs. Sheppard to miss the last train that morning for Buffalo, by the Pennsylvania R. R., over which she had transportation. When informed of this fact defendant's agents ascertained there was a Buffalo train on another road and told her transportation would be secured for her on that train by them. Upon being told the coat which had been the cause of the trouble would be credited on her account, Mrs. Sheppard protested and assured defendant's agents she did not wish such credit and would pay for

the garment. However, when the coat was later credited, the credit was not disputed. Mrs. Sheppard further testified that she was in a highly emotional state because of the false arrest, the embarrassment, and the anxiety over missing her train, that she was crying, and, when she signed the paper, did not read it. A few days after the events just related, she returned to defendant's store and stated she was not satisfied with the settlement made with her, and, not being informed of the contents of the paper she had signed, requested a copy of it, which was refused. When produced at the trial, the paper proved to be a general release "for valuable consideration," from "damages, claims or demands of whatsoever kind," and "particularly of and from all liability of any kind in any way arising and growing from and incident to For 1 Coat 59.00 Fifty-nine dollars."

Defendant offered testimony to the effect that it provided the funds for plaintiff's transportation to Buffalo, but in other respects relied on her cross-examination. Mrs. Sheppard was the only witness on her own behalf.

In giving the jury binding instructions for defendant, the trial judge stated that he did so because, though the release signed by plaintiff "was obtained by force or duress,......nevertheless it appears by the undisputed testimony in this case that in keeping with that release ......she received from the defendant, and has not yet returned or offered to return, the value of a coat...... and in addition to that she received from the defendant and has not yet returned or offered to return certain train fare from the City of Pittsburgh to Buffalo, New York."

Upon the motion for a new trial, the court in banc held that the case should have been submitted to the jury to determine the circumstances under which the release was signed.

The only questions before us on this appeal are those raised by the court below in its opinion: First, whether, on the whole record, a new trial should be granted; sec-

ond, whether a release of damages executed under duress is void or voidable. If the circumstances of duress are found to exist, it must be determined whether the duress was of such an extreme nature as to render the contract void; if the evidence establishes that situation, the release passes out of the case. If the duress was not of such an extreme nature as to render the contract void ab initio, it is merely voidable, and it remains to be decided whether, because of the duress, notwithstanding consideration may have been given and accepted, the contract should be avoided; or, notwithstanding the duress, the contract should be upheld as valid. It does not necessarily follow from the acceptance of consideration that the duress was impliedly ratified, any more than it necessarily follows from the duress, if established, that the release was void. In their apparent assumptions to the contrary, both the court in banc and the trial judge were in error. If plaintiff's testimony is believed, she undoubtedly was distraught, in an emotional state of great excitement, embarrassment and justified anger, and in anxiety regarding the meeting with her friend in Buffalo. Whether this situation and all the attending circumstances were sufficient to establish duress to such extent as to induce her to sign the release is a question which should be submitted to a jury. Fountain v. Bigham, 235 Pa. 35, 48; Hogarth v. Grundy Co., 256 Pa. 451, 461.

Every such case must stand on its own facts. The jury, on the evidence here presented and with the witnesses before it, should have been permitted to determine if the release set up as a defense by defendant was obtained while the plaintiff was unlawfully a prisoner, whether the duress was of a forcible or terrorizing character, or, if duress of a less degree, of such a nature and the attending circumstances such as would have "overcome the mind and will of a person of ordinary firmness" (Fountain v. Bigham, supra, 45; Sulzner v. C.-L. & M. Co., 234 Pa. 162, 166-7; Irwin v. Weikel, 282 Pa. 259,

264; Ortt v. Schwartz, 62 Pa. Superior Ct. 70, 75-6) to such an extent that she was excusable for signing the release without reading its contents (Gordon v. Great Atl. & Pac. T. Co., 243 Pa. 330, 335), and whether the consideration alleged was accepted as a consideration for the signing of the release (Gordon v. Great Atl. & Pac. T. Co., supra, 336; Hogarth v. Grundy Co., supra, 461-2).

The order of the court below awarding a new trial is affirmed.