## Moyer v. Dodson, Appellant.

*Mortgage—Defenses—Fraud and duress—Evidence.*

On the trial of a scire facias sur mortgage, evidence that the execution of the mortgage was procured by fraud and duress is properly excluded, where it is admitted that the mortgagee was not present at the interview at which it is claimed that fraud and coercion were used, and no evidence is offered that the mortgagee had notice of the alleged fraud or coercion, or that he was in possession of facts which should have led him to believe that the mortgage had been thus procured.

*Mortgage—Notes—Delivery—Waiver.*

Where a mortgage and notes secured by the mortgage bear the same date, and it appears that some of the notes were actually paid, the mortgagor cannot, on a scire facias sur mortgage to recover the balance due, set up as a defense that the notes and the mortgage were never delivered, and this is the case although some of the payments may have been made prior to the actual delivery of the mortgage.

*Mortgage—Fraud and duress—Illegal contract—Threatened criminal prosecution.*

On a scire facias sur mortgage it cannot be contended as a defense that the mortgage was given to stop a threatened criminal prosecution against the mortgagor's husband, unless it is shown that there was an agreement not to prosecute if the mortgage was given.

Argued Feb. 8, 1905. Appeal, No. 18, Jan. T., 1905, by defendant, from judgment of C. P. Del. Co., June T., 1903, No. 155, on verdict for plaintiff in case of Jacob S. Moyer v. Lillian R. Dodson. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Scire facias sur mortgage. Before JOHNSON, P. J.

At the trial it was contended that the mortgage was procured from the defendant by duress and coercion and by a threat of criminal prosecution against her husband. When Mrs. Dodson was on the stand she was asked this question:

" Q. Will you tell us how you came to sign this mortgage ? "

Mr. Rumsey : Objected to.

The Court : I am inclined to think this is a very close proposition. I will maintain this ruling. It may be that as the information came to her by reason of the interview or the agreement between the mortgagee and"her husband you are entitled to have all that took place as part of the res gestæ, but for the present I rule it out. Exception. [2]

" Q. Will you please tell us what was in your mind at that time ? What was in your mind at that time relative to your husband's transaction with Mr. Moyer, the plaintiff here? When you executed that mortgage ? " Objection.

The Court : That objection is sustained. Exception. [3]

" Q. What information did you have when you consented to sign the mortgage ? "

Mr. Rumsey : Objected to unless the information was stated to this good lady in the presence of the mortgagee, the plaintiff in this suit.

The Court : Objection sustained. Exception. [4]

Mr. Fronefield : I will put the question in another way so as to get ourselves straight on the record. Will you tell us what inducements or threats, if any, were made by your husband at the time that you consented to sign the mortgage?

Mr. Rumsey : Objected to.

The Court : Objection sustained. Exception. [5]

" Now, will you go on to state what you told Mrs. Dodson you had done regarding this agreement and the demand you made upon her to execute the mortgage and what she told you, etc. ? "

Mr. Rumsey : Not unless it was in the presence of the plaintiff. I object, therefore, to the question as it now stands.

The Court : You are seeking to get in evidence conversation between parties to this mortgage—that is, the mortgagors, out of the presence of the mortgagee ?

Mr. Barrington : Yes, sir. The mortgagee, of course, was not present when Mr. Dodson demanded that his wife execute the mortgage. There is no question about that, but the mortgagee—and we will bring our proof later legally to satisfy that point—is brought home with knowledge of the means that Mr. Dodson must use to obtain this mortgage. He demanded it of him under certain terms which left no alternative to do but

get it or go to jail. We have proved he said that. Now, we can certainly prove by the same witness he told his wife that. We can follow that right up.

The Court: I will have to exclude what took place between Mr. Dodson and his wife in the absence of the plaintiff. Exception. [6]

Leon Dodson was asked this question :

" Q. What statements, if any, did you make to Mrs. Dodson at or immediately prior to the execution of this mortgage ? "

Mr. Rumsey: I object to that unless the conversations were in the presence of the plaintiff, J. S. Moyer.

The Court: Were they in the presence of the plaintiff ?

Mr. Fronefield: They were not in the presence of J. S. Moyer.

The Court: That is objected to?

Mr. Rumsey : That is objected to.

The Court: Objection sustained. Exception. [7]

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $2,048.65. Defendant appealed.

*Errors assigned* among others were (2–7) rulings on evidence, quoting the bill of exceptions; (8) in giving binding instructions for plaintiff.

*Boyd C. Barrington,* with him *W. Roger Fronefield,* for appellant.—The court erred in rejecting the testimony offered to prove what induced the defendant to execute the mortgage, and the purpose for which it was given: Schrader v. Decker, 9 Pa. 14; Louden v. Blythe, 16 Pa. 532; Michener v. Cavender, 38 Pa. 334; McCandless v. Engle, 51 Pa. 309; Heeter v. Glasgow, 79 Pa. 79; Snyder v. Willey, 33 Mich. 483; Cridge v. Hare, 98 Pa. 561; Kaufmann v. Rowan, 189 Pa. 121; Bank v. Cox, 62 N. Y. Supp. 314.

The mortgage executed by Lillian R. Dodson, being given for the purpose of stifling a threatened criminal prosecution of her husband, is invalid : McGrory v. Reilley, 2 W. N. C. 587; McGrory v. Reilley, 8 W. N. C. 104; Riddle v. Hall, 99 Pa. ·116.

*Horace M. Rumsey,* with him *Frank Jacobs* and *I. Hazleton*

*Mirkil,* for appellee.—When a married woman has mortgaged her separate estate for her husband's indebtedness, and the mortgage has been duly executed and acknowledged by the married woman and her husband, and suit is brought upon the mortgage, upon the trial thereof, the court will not permit the married woman or her husband to testify as to conversations between them, in the absence of the mortgagee and without notice to him, which the married woman alleges constituted the coercion and duress which impelled her to execute the mortgage, and whereby it was invalidated: Kaufmann v. Rowan, 189 Pa. 121; Oppenheimer v. Wright, 106 Pa. 569; Brewing Co. v. Reinsburrow, 197 Pa. 67; Lewars v. Weaver, 121 Pa. 268; Pioso v. Bitzer, 209 Pa. 503; Highlands v. P. & R. Ry. Co., 209 Pa. 286; Sower v. Weaver, 78 Pa. 443; Bitner v. Boone, 128 Pa. 567.

If threats were made of a criminal prosecution, not commenced, whereby a money settlement was secured of a lawful debt, that would not constitute fraud, coercion or duress under the law of Pennsylvania, so as to invalidate the mortgage: Swope v. Jefferson Fire Ins. Co., 93 Pa. 251; Saalfield v. Manrow, 165 Pa. 114; Phillips v. Henry, 160 Pa. 24; McGrory v. Reilley, 2 W. N. C. 587; Snyder v. Willey, 33 Mich. 483; Pearce v. Wilson, 111 Pa. 14.

OPINION BY Mr. JUSTICE MESTREZAT, June, 22, 1905.

The mortgage in this case was executed in due form by Mrs. Dodson, after an examination separate and apart from her husband; and it is admitted that the mortgagee was not present at the interview when it is claimed that fraud and coercion were used to procure its execution by Mrs. Dodson. No evidence was offered to show that the mortgagee had notice of the alleged fraud or coercion, nor did it appear that he was in possession of facts which should have led him to believe that the mortgage had been procured from Mrs. Dodson by such means. Dodson testified he did not remember that, at the interview between the parties, the plaintiff and his counsel directed the witness to say anything specifically to his wife when he should attempt to procure the mortgage; and further, that at the time the mortgage was executed nothing was said about his being arrested or not being arrested. Under the circumstances, there-

fore, the testimony offered for the purpose of showing that the execution of the mortgage by Mrs. Dodson was procured by fraud and duress was properly excluded by the trial court: Lewars v. Weaver, 121 Pa. 268; Heilman v. Kroh, 155 Pa. 1; Kaufmann v. Rowan, 189 Pa. 121; Pennsylvania Trust Co. v. Kline, 192 Pa. 1.

The learned judge properly held that there was not sufficient evidence to submit to the jury on the question of the nondelivery of the notes and the mortgage. The mortgage bears the same date as the notes, September 20, 1901, but was acknowledged and actually delivered on October 1, 1901. The notes were paid in part and, conceding some of these payments to have been made prior to the actual delivery of the mortgage, yet the notes were secured by the mortgage which bore the same date and hence part of the money secured by the mortgage was paid. The payment of some of the notes must be regarded, so far as it affects the delivery of the notes, as an acknowledgment of their actual delivery, or at least a waiver by the defendants of the right to insist upon the stipulation on the envelope containing the notes that the relation of the parties should remain unchanged until the agreement was fully complied with. The payment of the residue of the moneys secured by the notes and the mortgage could therefore be enforced.

There is nothing in the contention that the mortgage was given to stop a threatened criminal prosecution against Dodson. Prior to and at the time the agreement and mortgage were executed no prosecution had been brought against Dodson. While he testifies that the plaintiff and the latter's counsel told him he would be prosecuted if he did not obtain the mortgage, it was not shown, nor is it even claimed, that the plaintiff or his counsel agreed not to prosecute if the mortgage was given. The contract would not be vitiated unless the plaintiff agreed to abandon or suppress the prosecution against Dodson : Johnston v. Allen (Fla.), 1 Am. St. Rep. 180; Cass County Bank v. Bricker (Neb.), 33 Am. St. Rep. 649 ; Miller v. Minor Lumber Co. (Mich.), 39 Am. St. Rep. 524. There is therefore no substance in this suggestion as a defense to the scire facias on the mortgage.

The assignments of error are overruled and the judgment is affirmed.