# McDermott *v.* Bennett, Appellant.   Johnston *v.* Bennett, Appellant.

*Judgment—Opening judgment—Attorney and client.*

A rule to open a judgment entered on a judgment note given to counsel by a client when in serious difficulties, will be allowed, where the affidavit for the rule avers fraud and coercion, and the circumstances are such as to justify judicial investigation.

Argued Oct. 24, 1905.   Appeals, Nos. 32 and 33, Oct. T., 1905, by defendant, from orders of C. P. No. 3, Allegheny Co., Aug. T., 1903, Nos. 240 and 241, refusing rules to open judgment in cases of Frank P. McDermott v. Laura Biggar Bennett and Aaron E. Johnston v. Laura Biggar Bennett. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Petition for rule to open judgment.

Petition for the rule averred as follows:

That Frank P. McDermott secured by fraud and coercion a certain judgment note of $1,500 in the month of July, 1903; the nature of such fraud and coercion will more fully be shown by revelation of all the circumstances connected with the same, to wit: On or about the month of September, A. D. 1902, in the city of Long Branch, Monmouth county, New Jersey, your petitioner was charged with the crimes of perjury and conspiracy by one Peter J. McNulty, an executor of the will of Henry M. Bennett—said perjury and conspiracy being charged against your petitioner because she established her wifehood to H. M. Bennett, and because she proved the death of a posthumous child as a result of said marriage. That your petitioner in the month of November, 1902, surrendered herself voluntarily into the custody of said court of Monmouth county; that about the month of December, 1902, she was indicted for said crimes by the grand jury of Monmouth county; that on representation to the general sessions court of Monmouth county, New Jersey, that she being unable to retain counsel— she being penniless—the said court assigned Messrs. Frank P. McDermott and Aaron Johnston, both of the Monmouth county bar, to defend her.

That upon being so assigned, the said Johnston and McDermott immediately visited said petitioner and codefendants in the jail of Monmouth county and told said petitioner that her interests in said trial could not be successfully guarded and that trial would not be very well prepared or conducted, except petitioner would sign an agreement wherein she promised to pay said McDermott and Johnston and one Joseph Noonan the sum of $10,000 jointly; said agreement, which cannot be found, was based on the consideration above, and on the promises of said McDermott and Johnston to procure bail for codefendants of petitioner who were indicted for the same crimes, and on consideration of the expenditure of necessary disbursements at trials, and of expenses of an appeal to a higher court if a conviction would result; that said agreement provided, among other things, that no part of said moneys in said agreement would be asked for until said petitioner's estate, under the will of Henry M. Bennett, was satisfactorily settled,

and that at no time was she to pay said McDermott and Johnston any more than one-third of her actual income as received from said estate.   That each and every condition of said agreement was and is violated by said McDermott and Johnston. Your petitioner further shows that since and before and at the times she was charged with said crimes that she was ill in body and mind, and that the conduct of said attorneys has been of such unfairness to petitioner that she has suffered very much. That your petitioner further shows that said attorneys at the time they were assigned by said court to defend petitioner they visited her in the Monmouth county jail, and told her that owing to the prejudice entertained towards her, that they could not fully defend her except she would sign the said agreement ; that they spent nothing in the way of disbursements ; that they discouraged publicly many offers of bail for her codefendants ; that they neglected to get evidence on the demand of her codefendants that they alone could get ; that they positively repudiated voluntary witnesses who offered their services in her behalf ; that all the witnesses who appeared at petitioner's trial were treated with indifference by said attorneys ; that all expenditures of moneys at the trial and for appeal were paid by said petitioner.   That your petitioner's codefendants were convicted (your petitioner being acquitted) of said crimes, December 24, 1902 ; that on or about the first day of July, 1903, the last day on which briefs could be filed on the appeal of the codefendants to the supreme court of New Jersey, said attorneys notified your petitioner that except she paid the money due on said agreement or gave judgment notes of $1,500 each to them, and also a $1,500 judgment note to lawyer Noonan, that no appeal would be filed, and that her codefendants would have to serve their sentences of two years and a half, and pay a fine of $1,000 each, and that she would, as a result, never appear before the world as innocent.   That at the time this misrepresentation was made, the appeal and briefs were actually on file in the supreme court of Trenton, New Jersey, as petitioner found out later on ; that on this fraudulent and cruel representation your petitioner executed said judgment notes in lieu of said agreement.  That before she executed said notes, said attorneys made a written agreement connected with the same to the effect that no at-

tëmpts would be made to collect on said notes or force the collection on same, until she were able to pay.

The court refused the rule.

*Error assigned* was the order of the court discharging the rule.

*Charles R. Carruth,* for appellant.—Where the confidential relation exists between the parties, the party in whom confidence is placed is held to the strictest responsibility. The burden is upon him to show that the transaction between him and his principal, by which he derives a benefit, was fair, conscientious and beyond the reach of suspicion: Darlington's Estate, 147 Pa. 624 ; O'Hara v. Baum, 82 Pa. 416 ; Humphrey v. Tozier, 154 Pa. 410.

A judgment will be opened where it appears that it has been confessed for more than in equity or good conscience was owing by the defendant: Saunders's App., 19 W. N. C. 507.

*Thomas Patterson,* of *Patterson, Sterrett & Acheson,* for appellee.—At no place in the petition, either directly or inferentially, does the petition aver that the services of counsel were not worth the amount for which the judgment notes were given.

To justify the opening of a judgment entered on warrant of attorney or by confession, it should appear that the judgment was originally confessed for more than in equity and good conscience was then owing by the defendants therein: Saunders's App., 19 W. N. C. 507.

PER CURIAM, November 4, 1905 :

These two cases are substantially alike and were argued together.

The appellant in her affidavit for a rule to open the judgments sets out that the notes were given to counsel by a client who was in serious difficulties under circumstances which, even if they should not be shown to amount to fraud and coercion as charged, are certainly such as to justify full investigation.

Order reversed and rule directed to be allowed.