# Irwin et al. *v.* Weikel, Appellant.

*Practice, C. P.—Statement of claim—Signatures to contract— Omission of signatures in copy filed—Affidavit of defense—Waiver of defects—Admission—Acts of May 14, 1915, P. L. 483, and May 23, 1923, P. L. 325—Waiver of formal defects—Rule to strike off.*

1. Where a statement of claim fails to set out the signatures of the parties to a contract on which the suit was brought, but avers its due execution, and the affidavit of defense makes no denial of its execution, but practically admits defendant signed it, the failure to set out the signature is not a fatal defect.

2. In such case the proper remedy under the Acts of May 14, 1915, P. L. 483, and May 23, 1923, P. L. 325, is a motion to strike off or rule for more specific statement.

3. Where a statement of claim sets out a good cause of action, formal defects are waived by defendant filing an affidavit on the merits.

4. A fact averred in the statement of claim and not specifically denied in the affidavit of defense is an admitted fact.

*Contract—Duress—Threat of civil suit—Presumption of ordinary firmness.*

5. A claim of duress is without avail unless accompanied by a statement of facts upon which it is founded.

6. A threat to bring a civil suit either at law or equity does not constitute duress, unless there are exceptional conditions of hardship and oppression.

7. To constitute duress, a threat must be of such severity as to overcome the mind and will of a person of ordinary firmness.

8. Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness.

Argued January 6, 1925.   Appeal, No. 206, Jan. T., 1925, by defendant, from order of C. P. No. 3, Phila. Co.,

260      IRWIN et al. *v.* WEIKEL, Appellant.

June T., 1923, No. 7609, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Alexander D. Irwin and Archibald O. Leighton, copartners, trading as Irwin & Leighton v. Jacob Weikel. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract.

Rule for judgment for want of sufficient affidavit of defense. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting it.

*John J. McDevitt, Jr.,* with him *Nochem S. Winnet,* for appellant.—Defendant was only required to state his defense as specifically as the claim is set forth in the statement: Loeser v. Warehouse, 10 Pa. Superior Ct. 540; Berko v. Construction Co., 65 Pa. Superior Ct. 589.

Plaintiffs' statement of claim was insufficient and judgment could not be entered for plaintiffs on the pleadings: Acme Mfg. Co. v. Reed, 181 Pa. 382; Parry v. Bank, 270 Pa. 556; Federal S. Co. v. Farrell, 264 Pa. 149.

Defendant has alleged sufficiently a defense of duress per minas to the suit on the release: Fountain v. Bigham, 235 Pa. 35; Ortt v. Schwartz, 62 Pa. Superior Ct. 70.

*Frederick C. Newbourg, Jr.,* for appellees.—The statement of claim was sufficient to sustain a judgment for want of a sufficient affidavit of defense: Wright v. Carbonic Co., 271 Pa. 332.

The averments of the affidavit of defense as to duress are not sufficient to prevent judgment: Motz v. Mitchell, 91 Pa. 114; Union Nat. Bank v. Dersham, 15 W. N. C. 541; Sulzner v. C. L. & M. Co., 234 Pa. 162.

OPINION BY MR. JUSTICE WALLING, January 26, 1925:

On May 23, 1921, the plaintiffs, Irwin and Leighton, made a preliminary contract with the defendant, Jacob Weikel, for the construction of an addition to his hotel, the Shelburne, at Atlantic City, for $650,000; to be followed by a formal contract which was prepared and duly executed on June 8th of the same year. The latter recited, inter alia, that a corporation to be known as "The Shelburne Inc." was in process of formation to whom Weikel, who was to be sole stockholder, was to convey the hotel property, and which corporation he guaranteed would, not later than June 30, 1921, execute with plaintiffs a formal contract for the construction of the addition and faithfully perform the same. By the contract of June 8th, Weikel covenanted to procure and deliver to plaintiffs the direct obligation of the Marine Trust Company of Atlantic City, in the sum of $500,000, payable to them according to the terms of the contract. Defendant failed to procure the trust company's obligation or the execution of the contract by the Shelburne Inc., but on November 2, 1921, duly made and executed a written agreement with plaintiffs, inter alia, as follows: "Whereas Jacob Weikel, of Atlantic City, N. J., and Irwin & Leighton, of Philadelphia, Pa., have entered into a contract for the construction of an addition to the Shelburne Hotel.—Now, in complete satisfaction of the said contract, Weikel agrees to give and Irwin & Leighton to accept as compensation for any expense incurred and any anticipated profits, the sum of thirty-five thousand dollars, to be paid in yearly installments of five thousand dollars each, the first payment to be made June 1st, 1923, and $5,000 each succeeding year until the full amount shall have been paid." Weikel also in this agreement promised to secure the $35,000 by preferred stock of the Shelburne Inc. This he failed to do as he also failed to pay the first installment maturing under the agreement; to recover which this suit was brought. The trial court entered judgment for plaintiffs

for want of a sufficient affidavit of defense and defendant has appealed.

Plaintiffs' statement is accompanied by a copy of the contract of June 8, 1921, to which was attached a copy of the building contract to be executed by the Shelburne Inc. It also sets out a copy of the agreement of November 2, 1921, with the averment of its due execution; but omitting the signatures thereto. This omission the affidavit of defense suggests is a fatal defect, although practically admitting defendant signed the agreement and making no denial of the averment of its due execution. The failure of the statement to set out the signatures was at most a formal defect which should have been taken advantage of by motion to strike off, or rule for a more specific statement, as provided by statute (see Practice Act of 1915, P. L. 483, also section 21 thereof as amended by the Act of May 23, 1923, P. L. 325) : Franklin Sugar R. Co. v. Lykens M. Co., 274 Pa. 206; Rhodes v. Terheyden, 272 Pa. 397; King v. Brillhart, 271 Pa. 301. But the statute does not preclude a defendant from challenging the sufficiency of the statement on a rule for judgment for want of a sufficient affidavit of defense, it being well settled that, "To entitle one to judgment for want of a sufficient affidavit of defense, his statement of claim must aver, in clear and concise terms, all facts essential to support the judgment asked; plaintiff's declaration must be such that 'judgment may be taken and liquidated upon the data which it furnishes' ": Parry v. First Nat. Bk. of Lansford, 270 Pa. 556, 559, and cases there cited. Where, as here, however, the statement clearly sets out a good cause of action, formal objections thereto will not prevail on a rule for judgment for insufficiency of the affidavit of defense. The true rule would seem to be that formal defects in a plaintiff's statement are waived, while substantial defects therein are not, by ignoring the provisions of the statute above referred to and filing an affidavit of defense to the merits. In view of the averments in plaintiffs' statement and

the admissions in the affidavit of defense the failure of the former to set out the signatures of the parties to the contract should be treated as a formal defect. In this connection we must keep in mind that, "A fact averred in the statement of claim and not specifically denied in the affidavit of defense is an admitted fact": Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Franklin Sugar R. Co. v. Hanscom Bros., 273 Pa. 98.

Defendant's main contention is that he was under such duress when he signed the agreement of November 2, 1921, as to relieve him therefrom. His contention is that, because of his inability to secure the $500,000 obligation from the Marine Trust Company, the building contract with plaintiffs had been abandoned and that he was negotiating with other parties for the construction of the addition in question when plaintiffs coerced him into signing the agreement of settlement by threats to bring actions against him both at law and in equity, on account of their contracts with him above referred to. He also avers that, "Deponent executed such paper as a result of such threats, duress and illegal conduct of the plaintiffs, knowing, as deponent did, that the institution of any such suit or proceedings would have prevented the consummation of his other plans." The gist of defendant's averment is that he signed the agreement because of plaintiffs' threats to bring civil suit against him for breach of contract. The case presents no features of unusual hardship; defendant seemingly had breached his contract, for which plaintiffs might properly bring suit; how so doing would have defeated his other plans is not explained, and no facts are stated to support such conclusion. A claim of duress is without avail unless accompanied by a statement of the facts upon which it is founded. See Page on the Law of Contracts, vol. 1, section 508; Levine v. Pittsburgh State Bank, 281 Pa. 477. There is nothing to take this case out of the general rule that a threat to bring a civil action will not constitute duress. See Williston

on Contracts, vol. 3, section 1606; 12 C. J. 347. In Harris v. Tyson, 24 Pa. 347, 361, Mr. Justice BLACK, speaking for the court, says: "For the plaintiff it was insisted that the deed might be avoided merely by proving a threat to sue the grantor for a good cause of action. There is not only no judicial decision in favor of this opinion, but I think it is new even as an argument at the bar." While such contention may not be as startling now as it was seventy years ago, it is not yet supported by any judicial decision, at least in this Commonwealth. In any event the threat to constitute duress must be of such severity as to overcome the mind and will of a person of ordinary firmness (Union National Bank v. Dersham, 15 W. N. C. (Pa.) 541, and see Fountain v. Bigham, 235 Pa. 35; Miller v. Miller, 68 Pa. 486, 493; Ortt v. Swartz, 62 Pa. Superior Ct. 70) and the facts here averred fail to meet that test. If, as defendant avers, the threat to bring suit was made to him by letter then he had opportunity to consult counsel before entering into the agreement of settlement and it is not important whether the threat was to bring suit at law or in equity. The parties stood on equal terms and were dealing at arm's length; plaintiffs had no control over defendant or his property and there is a presumption, not here controverted, that he possessed ordinary firmness. See Sulzner v. C. L. & M. Co., 234 Pa. 162; Miller v. Miller, supra. We are aware the doctrine of duress has broadened in modern times and in some jurisdictions more than in our own, but it is doubtful if the allegations here stated would be admitted as a prima facie defense in any jurisdiction, certainly not in this. A threat to institute criminal proceedings may or may not amount to duress, according to circumstances, and we need not decide whether there may be a use of civil process, or threat thereof, under such exceptional conditions of hardship and oppression as to constitute duress, for, if so, the instant case is not brought within that class.

Plaintiffs' right to judgment was clear and the rule therefor was properly made absolute.

The assignment of error is overruled and the judgment is affirmed.