## Pziepoira, Appellant, *v.* Long et al.

Argued April 10, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Michael F. McDonald,* with him *Michael F. McDonald, Jr.* and *Henry Greenwald,* for appellant.

*John H. Bigelow,* with him *Charles B. Lenahan,* for appellees.

PER CURIAM, May 6, 1940:

This appeal is from the action of the court below in entering judgment on the whole record for appellees, Sarah Long and Margaret C. Long, executrices of the estate of Matthew Long, deceased, after disagreement by the jury, in an action of assumpsit for moneys had and received brought against them by Kate Pziepoira, the appellant.

In the course of settlement of the estate of appellee's decedent, the parties entered into a compromise agreement relating to a debt, owing by appellant to their decedent, the amount of which was in dispute. Pursuant to the terms thereof appellant paid to appellees the sum of $8,250 and appellees reconveyed to her property, the fee simple title to which she had previously conveyed to their decedent to secure the debt, as appellees admit. In her action of assumpsit appellant sought to recover such part of the sum of $8,250 thus paid to appellees as she now alleges was in fact in excess of the amount actually due, on the theory that the compromise agreement was not entered into by her of her own free will, but as the result of duress practiced upon her by appellees.

As the only evidence of compulsion consists of alleged threats on the part of appellees to take the necessary legal steps to oust appellant from the property which she had previously conveyed to their decedent, albeit subject to a parol clause of defeasance, it is plain that, unless a threat to enforce a legal demand in an appropriate and perfectly legal manner, which is the utmost the evidence discloses, can be said to constitute legal duress,

the alleged over-payment was not, in legal contemplation, an involuntary one.

It is the well settled general rule that one who, contending that another has no valid claim against him, nevertheless makes payment solely because of the threat or the institution of litigation to enforce the demand, is not legally entitled to restitution: *Tugboat Indian Co. v. A/S Ivarans Rederi et al.,* 334 Pa. 15, 20, and cases there collected. And, the rule is particularly applicable here, as appellant's own evidence discloses that the threat was first made by letter, and that she had opportunity to consult counsel before entering into an agreement of settlement. Cf. *Irwin v. Weikel,* 282 Pa. 259. The record before us discloses nothing to take the case out of the general rule.

*Steere v. Oakley,* 186 Pa. 582, relied upon by appellant, is inapposite here. There was in that case, as Mr. Justice DEAN pointed out, at 589, "in no sense an account stated and balance struck and paid without objection," but "an account with balance stated, with a right to make objection in the future, a right, too, expressly accorded by the party making the statement."

Judgment affirmed.