## Atlas Credit Corp. v. Leonard

*Menno B. Rohrer*, for petitioner.

*K. L. Shirk, Jr.*, contra.

JOHNSTONE, J., October 25, 1957.—On July 5, 1956, judgment was entered in the office of the prothonotary in favor of plaintiff and against defendants in the sum of $3,510.08. This judgment was entered on the warrant of attorney contained in a note dated July 2, 1956, given by defendants to National Home Developers, Inc. The note, which was payable one day after date, was assigned to plaintiff on July 2, 1956, according to a stipulation filed by counsel for all parties.

Defendants presented their petition to this court praying that the judgment be opened and they be allowed into a defense. The petition recites that defendants entered into a written contract with the National Home Developers, Inc., on June 26, 1956, under which National agreed to furnish the labor and materials necessary to cover completely the exterior walls of de-

fendants' dwelling with alumnium siding. Defendants executed the note in question in blank and the note was subsequently completed in its present form. This note was delivered by defendants in payment of the labor and materials called for in the contract. It is further averred by defendants that National did not do the work called for in the contract in a workmanlike manner and never completed the contract in accordance with its terms. In order to remedy the inferior workmanship of National, it will be necessary for defendants to remove all of the siding installed by National and replace it with new materials at a cost of $3,500. Defendants further aver that the note in question is not a negotiable instrument and that any defense which they have against National is available to them against plaintiff.

A petition to open a confessed judgment is addressed to the equitable ear of the court, and on appeal the only question to be considered is whether the court abused its discretion in granting or refusing the petition: Kuntz v. Landbar Hotel Co., Inc., 380 Pa. 90. However, the court has no discretionary power to open a judgment where the petition does not set forth facts which are sufficient at law to sustain a verdict in favor of petitioners: Shinn v. Stemler, 158 Pa. Superior Ct. 350. From the facts averred in defendants' petition to open the judgment in this case, it is obvious that a good legal defense has been stated, which would sustain a verdict in favor of defendants, provided that defense can be made against plaintiff. This defense is only available to defendants if plaintiff in this action is not a holder in due course of the note upon which judgment was entered. If plaintiff is a holder in due course, the defense averred by defendants is not available to them since they had no dealings with plaintiff and they have not averred facts which would bring them within the exceptions set forth in section 3-305

of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §3-305.

An examination of the note in question discloses that it is dated July 2, 1956, and is payable one day after date. The confession of judgment incorporated in the note authorizes the prothonotary or any attorney of any court of record of Pennsylvania, or elsewhere, to appear and enter judgment against the signers of the note, without any limitation as to the time when the confessed judgment may be entered. Under section 3-112(1) (d) the negotiability of an instrument is not affected by a term authorizing a confession of judgment on the instrument if it is not paid when due. However, section 3-104(1) (b) of the code provides that any writing to be a negotiable instrument must contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power except as is authorized by the code. The note in question does include the power to confess judgment, and that power is not limited to a confession of judgment if the note is not paid when due. The negotiability of the note was destroyed by the addition of the power to confess judgment at any time: Miners State Bank v. Auksztokalnis, 283 Pa. 18; Shinn v. Stemler, supra; Burger v. Freedom Township, 13 D. & C. 539. This was the uniform holding of our appellate courts under the Negotiable Instruments Law, (56 PS §7(a)) and the Uniform Commercial Code, while worded slightly differently, has the same meaning: 12A PS §3-112(1) (d).

Since the note in question has been determined to be nonnegotiable, plaintiff is not a holder in due course and takes the note subject to any defense available to defendants against the original payee. It having been determined that defendants have stated a good defense which would support a verdict in their favor, the judg-

ment should be opened and defendants allowed into a defense.

And now, October 25, 1957, for the reasons herein stated the prayer of defendants' petition is granted and the judgment is opened and defendants let into a defense. The rule to show cause why the judgment should not be opened is made absolute.