## Smith, Appellant, *v.* Lenchner.

Argued November 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Edward C. Leckey,* with him *Leonard M. Mendelson,* for appellant.

*I. Martin Wekselman,* for appellee.

OPINION BY WRIGHT, J., December 16, 1964: ·

We are here concerned with an appeal by Martin B. Smith from an order of the Court of Common Pleas of Allegheny County making absolute a rule to open a judgment entered by confession on a note.

The note in question is dated July 6, 1962, in amount of $1,200.00 payable on demand, and is under seal. The petition for the rule alleges that the maker of the note is not indebted to the payee, and requests that the judgment be opened because (a) the note was given "under duress of a threat made by the plaintiff to maliciously and falsely interfere with and disrupt a business transaction which petitioner was then negotiating"; and (b) no consideration was received for the execution and delivery of the note. Appellant's answer denies that the note was given under duress of a threat, and avers to the contrary that the note was voluntarily negotiated as "the result of a good-faith, arms-length business transaction". The answer further denies want of consideration, and alleges to the contrary (1) that the presence of the seal imports consideration and (2) that the transaction which gave rise to the note "was a sale of stock by plaintiff to defendant". Depositions were taken of both parties, and also of the attorney for the maker of the note. A brief summary of this testimony is as follows:

Joseph S. Lenchner, the appellee, testified that he was a college graduate, admittedly experienced in business transactions. In the month of June, 1962, negotiations were pending for the sale of the Lenchner-Corvato Company, a security business in which he was financially interested. Martin B. Smith, an employe and owner of one share of stock, demanded the sum of $1,200.00, "and if I didn't give it to him he was going to try to do everything and anything he could to

kill our deal . . . I suggested a note which he agreed to take ". Although he had ample time to do so, Lenchner did not consult his attorney before the note was executed and delivered.

Martin B. Smith, the appellant, testified that he was manager of the underwriting department of Lenchner-Corvato Company, and had paid $1,200.00 for the one share of stock which he owned. He had doubts as to the financial status of the proposed purchaser of the business, and objected to the sale "because I didn't think we'd ever get paid". He proposed that Lenchner buy his share of stock for the cost price. Lenchner did not have the cash available, and said "that he would give me a note". The stock certificate was endorsed, but was retained as collateral. Smith flatly denied making any threats, and testified that the transaction was purely a business deal.

Edward M. Citron, Esquire, testified that he represented the Lenchner-Corvato Company, and also represented Lenchner as an individual. He was not aware of any transfer of Smith's share of stock, and Smith signed the agreement for the sale of the business as a stockholder. He testified further that Lenchner informed him of the threat several days after the note was executed, and "I advised him that I did not believe that the note . . . was enforceable".

We are not aware of the basis upon which the order making the rule absolute was predicated since the court below did not file an opinion as required by our Rule 46. While the determination of the lower court in a proceeding of this nature will be reversed only for clear and manifest abuse of discretion, *Balobeck v. Penthouse Club,* 204 Pa. Superior Ct. 496, 205 A. 2d 675, our study of this record leads us to the conclusion that there was such an abuse of discretion in the instant case.

We perceive no merit in appellee's contention that he was under duress when he executed and delivered the note in question. The threat purportedly made by appellant was not of physical violence or of criminal process, indeed not even of civil process. The case of *McDermott v. Bennett,* 213 Pa. 129, 62 A. 637, cited in the brief, involved the relationship of client and attorney and is readily distinguished. Duress has been defined as that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness: *Ortt v. Schwartz,* 62 Pa. Superior Ct. 70. See also *Falgiatore v. Falgiatore,* 378 Pa. 586, 107 A. 2d 864. The quality of firmness is assumed to exist in every person competent to contract, unless it appears that by reason of old age or other sufficient cause he is weak or infirm: *Molony v. Matthews,* 86 Pa. Superior Ct. 370. Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness: *Irwin v. Weikel,* 282 Pa. 259, 127 A. 612. Moreover, in the absence of threats of actual bodily harm, there can be no duress where the contracting party is free to consult with counsel: *Otto v. Powers,* 177 Pa. Superior Ct. 253, 110 A. 2d 847. And see *Palatucci v. Woodland,* 166 Pa. Superior Ct. 315, 70 A. 2d 674; *Pziepoira v. Long,* 338 Pa. 242, 12 A. 2d 904; *Fountain v. Bigham,* 235 Pa. 35, 84 A. 131; *Sulzner v. Cappeau-Lemley & Miller Co.,* 234 Pa. 162, 83 A. 103.

Appellee also contends that he may raise his alleged defense of want of consideration despite the fact that the note was executed under seal. Reliance is placed upon Section 3-113 of the Uniform Commercial Code,[1] which reads as follows: "An instrument otherwise negotiable is within this Article even though it is

---

[1] Act of April 6, 1953, P. L. 3, 12A P.S. 1-101 et seq.

under a seal". It is argued that the Code Comment under this section, as well as the Pennsylvania Bar Association Notes, indicate that the defense of want of consideration is now available despite the presence of a seal. This question was raised but expressly not decided in *Thomasik v. Thomasik,* 413 Pa. 559, 198 A. 2d 511. Howbeit, the note in the instant case is not "an instrument otherwise negotiable" because it authorizes confession of judgment as of any term. Prior to the enactment of the Code, a note containing a warrant of attorney to confess judgment at any time was held to be a nonnegotiable instrument: *Shinn v. Stemler,* 158 Pa. Superior Ct. 350, 45 A. 2d 242. This rule was applied to a demand note: *Miners State Bank v. Aukszto-kalnis,* 283 Pa. 18, 128 A. 726. The same result has been reached in cases subsequent to the enactment of the Code. See *Bittner v. McGrath,* 186 Pa. Superior Ct. 477, 142 A. 2d 323; *U. S. National Bank v. Drabish,* 187 Pa. Superior Ct. 169, 144 A. 2d 640; *Fidelity Trust Co. v. Gardiner,* 191 Pa. Superior Ct. 17, 155 A. 2d 405. Since the instant note is nonnegotiable, it follows that the seal imports consideration.

We should perhaps here mention that Section 3-112(1) of the Code provides that the negotiability of a note "is not affected by . . . (d) a term authorizing a confession of judgment on the instrument if it is not paid when due". The Pennsylvania Bar Association Notes under this section point out that most judgment notes in use in this Commonwealth are not negotiable because judgment may be entered before the amount is due. To the same effect is the Code Comment that "paragraph (d) is intended to mean that a confession of judgment may be authorized only if the instrument is not paid when due, and that otherwise negotiability is affected". The Code did not change prior law in this respect: *Atlas Credit Corp. v. Leonard,* 15 Pa. D. & C. 2d 292.

Appellee contends finally that appellant may not rely upon the seal because he affirmatively pleaded independent consideration. It is argued that appellant "should now be estopped from relying upon the seal as a substitute for consideration". The doctrine of estoppel has no application in the instant case. We perceive no reason which would prevent appellant from utilizing both theories.

Order reversed.