Carrier *v.* William Penn Broadcasting Company,
Appellant.

Argued May 1, 1967. Before BELL, C. J., JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Michael H. Egnal,* with him *Egnal & Simons,* for appellant.

*Theodore R. Mann,* with him *Gerald Gornish,* and *Goodis, Greenfield, Narin & Mann,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, September 26, 1967:

In June of 1957, appellees entered into an agreement, as part of a sale of their drug business to Sun Ray Drug Company, which agreement provided that they would perform consultative services for Sun Ray for a period of 15 years at an annual compensation of $14,000. Payments under this agreement were to be made in quarterly installments of $3,500 each. No payments were made on this agreement subsequent to July of 1964, and in March of 1965, Sun Ray negotiated the sale of its assets to Marrud, Inc.

Appellees pressed for payment of their compensation under the agreement, and threatened to take legal action to enjoin the sale from Sun Ray to Marrud. They contended that they had not been given proper notice of the sale, in conformity with the provisions of the Uniform Commercial Code relative to bulk sales.

Appellant is a corporation whose president, William Sylk, was also president of Sun Ray. A majority of appellant's directors are also on the Board of Sun Ray, and the corporations are closely related. Under pressure of appellees' prospective suit, appellant executed a note, payable to appellees, in the amount of $75,000. The note was signed by William Sylk, President, and Sidney Goldstein, Secretary. As consideration for the note, appellees assigned to appellant their rights in the consultative contract with Sun Ray. The note was payable on April 20, 1965, and on May 11, 1965, judgment was confessed on the note in the amount of $75,000 with interest and attorney's fees, for a total of $78,-996.57.

Appellant filed a petition for a rule to show cause why the judgment should not be opened, and appellant admitted to a defense. The requested rule issued, and after completion of the pleadings and the taking and filing of depositions, the court below discharged the rule. This appeal followed.

A petition to open a judgment is an appeal to the equitable side of the court, and the petition must establish equitable considerations which convince the court that justice would best be served by opening the judgment. *McDonald v. Allen*, 416 Pa. 397, 206 A. 2d 395 (1965); *Kramer v. Phila.*, 425 Pa. 472, 229 A. 2d 875 (1967); and the disposition of the petition will not be disturbed on appeal unless a clear abuse of discretion is shown. *Good v. Sworob*, 420 Pa. 435, 218 A. 2d 240 (1966); *Thomasik v. Thomasik*, 413 Pa. 559, 198 A. 2d 511 (1964), and cases cited therein.

In this appeal, appellant contends that the note executed by it, through its president and secretary, was unauthorized, and that the note was given under duress "for the sole purpose of forestalling the financial devastation of the retail drugstore corporation owning its capital stock."

The court below concluded that §305 of the Business Corporation Law, 15 P.S. §1305, precluded any inquiry on its part into the question of authority. That section reads: "The by-laws of a business corporation shall operate merely as regulations among the shareholders of the corporation, and shall not affect contracts or other dealings with other persons, unless such persons have actual knowledge of such by-laws. Any form of execution provided in the by-laws to the contrary notwithstanding, any note, mortgage, evidence of indebtedness, contract, or other instrument of writing, or any assignment or endorsement thereof, executed or entered into between any corporation and any other person, co-partnership, association or corporation, *when signed by the president or vice president and secretary or assistant secretary or treasurer or assistant treasurer of such corporation, shall be held to have been properly executed for and in behalf of the corporation.*" (Emphasis added)

In the circumstances of this case, we agree with the conclusion of the court below. The instances in which a corporation may deny liability on a note signed by the proper officers, as designated in the Business Corporation Law, should be limited to those where the payee or holder has notice that the note is ultra vires, or an abuse of the officers' powers or grounded on fraud. Such is not the case here, and the fact that the corporation which made the note is engaged in the operation of a radio broadcasting station and not in the operation of retail drugstores, should not be permitted to allow it to escape its obligation, particularly in view of the close relationship between the corporate entities involved.

As to the defense of duress, the Superior Court, in *Smith v. Lenchner*, 204 Pa. Superior Ct. 500, 504, 205 A. 2d 626 (1964), aptly stated the applicable law as follows: "We perceive no merit in appellee's contention

that he was under duress when he executed and delivered the note in question. The threat purportedly made by appellant was not of physical violence or of criminal process, indeed not even of civil process. . . . Duress has been defined as that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness: [citing cases]. The quality of firmness is assumed to exist in every person competent to contract, unless it appears that by reason of old age or other sufficient cause he is weak or infirm: [citing a case]. Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness: [citing a case]. Moreover, in the absence of threats of actual bodily harm there can be no duress where the contracting party is free to consult with counsel: [citing cases]."

The instant fact situation differs from that in *Smith* only in that a threat of civil process was indeed made by appellees. This threat of civil process, however, is not such cause as would justify the officers of a corporation to be put in fear so that they would execute a note which they otherwise would not have executed. Not only did the corporate officers have the opportunity to consult counsel, but counsel actually carried on the negotiations. In the recent case of *Bata v. Central-Penn Nat. Bank of Phila.*, 423 Pa. 373, 381, 224 A. 2d 174 (1966), we reaffirmed the definition of duress as set forth in *Smith v. Lenchner*, supra, as: "that degree of restraint or danger, either actually inflicted or impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness."

Finding no abuse of discretion, we agree with the conclusion of the court below, which stated: "We do

not believe that the defendant has met its burden of showing a valid non-technical defense in this action; nor are we convinced that there is any equitable consideration compelling us to open the subject judgment. Defendant signed the instant note with the full advice of counsel. We are not impressed with its efforts to avert the effects of its bargain."

Order affirmed.

Mr. Justice MUSMANNO and Mr. Justice COHEN took no part in the consideration or decision of this case.