LUMBERMEN ASSOCIATES, INC.,
Plaintiff,

v.

Richard PALMER, Defendant.

Civ. A. No. 70-2731.

United States District Court,
E. D. Pennsylvania.

July 26, 1972.

Leigh W. Bauer, Diamond, Polsky & Bauer, Philadelphia, Pa., for plaintiff.

Joseph J. Zapitz, Curtin & Heefner, Morrisville, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

This is an action on a note made by Nyce Industries, Inc. to plaintiff's order and endorsed individually by defendant. Defendant was then an officer of Nyce Industries and held substantial ownership interest in it.

This case is now before the Court on cross motions by both plaintiff and defendant for summary judgment.

There is no merit in defendant's Motion for Summary Judgment, and it was in fact virtually abandoned at the oral argument held on these motions before this Court on July 14, 1972.

Plaintiff claims that the note in question is validly endorsed and speaks for itself. (No question of dishonor or protest by Nyce Industries is here presented, Nyce Industries being now admittedly insolvent).

Defendant makes three claims. First, he claims that the signature on the back of the note was made only in his capacity as agent for Nyce Industries. This does not appear to be the case. Defendant signed the front of the note specifically as agent for Nyce, and the signature on the back is unqualified. Further, Pa.Stat. Title 12A, § 3-402 clearly states that

"[u]nless the instrument clearly indicates that a signature is made in some other capacity it is an endorsement.".

**1130**

There is no merit as a matter of law to defendant's first claim.

■ Second, defendant claims that there was no consideration for the endorsement, and that it was given as an accommodation to plaintiff. Defendant's deposition clearly establishes that the endorsement was made so that the notes would be accepted as security for Nyce's outstanding and overdue accounts. Pa.Stat. Title 12A, § 3–408 clearly states that

"[w]ant or failure of consideration is a defense as against any person not having the rights of a holder in due course (Section 3–305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind."

and Note 2, explaining the "except" clause, states that

"[t]he 'except' clause is intended to remove the difficulties which have arisen where a note or a draft, or an endorsement of either, is given as payment or as security for a debt already owed by the party giving it, *or by a third person*. (emphasis supplied)".

Here, the endorsement was given, by defendant's own testimony, as security for a previously existing obligation of Nyce. There is no merit to defendant's second contention.

■ Third, defendant claims he was coerced into giving the endorsement. The basis of this contention is a telephone conversation between defendant and an officer of plaintiff, a Mr. Clymer, which occurred some three days prior to the making of the notes and the endorsement. In discussing Lumbermen's problems with Nyce's overdue accounts, taking the testimony of defendant in its best light, Clymer grew excited and said "If you don't sign the notes, I don't know what I'll do." In response to this defendant testified he was afraid, but avoided answering directly whether he was afraid of bodily harm to himself. Between the telephone conversation and the endorsement three days passed in which defendant consulted an attorney. The notes were then presented to Clymer in his office and endorsed there by defendant individually. There were no untoward incidents during this visit.

The test for coercion in Pennsylvania is clear. In Carrier v. William Penn Broadcasting Co., 426 Pa. 427, 233 A.2d 519 (1967), a case very similar on its facts to the case at bar, the Court quoted Smith v. Lenchner, 204 Pa.Super. 500, 504, 205 A.2d 626, 628 (1964) as follows:

"We perceive no merit in appellee's contention that he was under duress when he executed and delivered the note in question. The threat purportedly made by appellant was not of physical violence or of criminal process, indeed not even of civil process . . . Duress has been defined as that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness: [citing cases]. The quality of firmness is assumed to exist in every person competent to contract, unless it appears that by reason of old age or other sufficient cause he is weak or infirm: [citing a case]. Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness: [citing a case]. Moreover, in the absence of threats of actual bodily harm there can be no duress where the contracting party is free to consult with counsel: [citing cases].".

In the present case there was no "threat of actual bodily harm" and defendant not only had ample time to consult counsel between the phone conversation and the endorsement but, in fact, did so. There is simply no basis for a legal conclusion of "duress" on the facts

which defendant alleges. Defendant's third contention is without merit.

Therefore, plaintiff's Motion is granted and Summary Judgment is entered in the amount of Sixteen Thousand Three Hundred Ninety Two Dollars and Sixty-One Cents ($16,392.61) plus interest and costs.