**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1504
_____

RHAUNI GREGORY,
Appellant
v.

DERRY TOWNSHIP SCHOOL DISTRICT; TIMOTHY QUINN;
MRS. BANDUCCI; MICHAEL MURPHY; CINDY GOLDWORTHY;
DR. PARRISH; TOM FERGUSON; BEULAH CHABAL

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 09-cv-00780)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2011
_____

Before: SCIRICA, BARRY and VANASKIE, Circuit Judges

(Filed: March 21, 2011)
_____

OPINION
_____

BARRY, Circuit Judge

Rhauni Gregory appeals from the District Court's order granting summary

judgment to defendants. Gregory, a public-school teacher, sued her former employer as

well as certain co-workers, union officials, and the parent of one of her students, alleging that she was discriminated against based on her race, in violation of 42 U.S.C. §§ 1981 and 1983. She signed a release prior to resigning from her teaching position, and claims that the Court erred in finding that the release was valid and that she had waived her right to sue. For the reasons discussed below, we will affirm.

## I.     Background

Gregory, a former high-school English teacher with the Derry Township School District, filed a complaint against the school district in April 2009, claiming that she was subjected to harassment and hostile treatment, and that she was forced to resign against her will because of her race, which is African-American. Gregory alleged that the harassment began after she had an encounter with a student and the student's politically connected parent. Among the defendants named in her complaint was Tom Ferguson, the Pennsylvania State Education Association ("PSEA") official who represented and consulted with her in her dealings with the school district. The school district, representing itself and the individuals it employed (the "School District Defendants"), answered the complaint and claimed, as an affirmative defense, that Gregory's claims were barred by the terms of her separation agreement. The School District Defendants thereafter filed a motion for judgment on the pleadings, which the District Court converted into a motion for summary judgment, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

2

The District Court held an evidentiary hearing and took testimony from Gregory as well as four other individuals. Gregory testified that during the 2006-07 school year, she was evaluated unfavorably by her supervisor, Defendant Michael Murphy, and placed on an intensive assistance track. Gregory worked with the school district's union representative and her own union representative to approve a written "intensive assistance action plan," which she was then obliged to follow. App. at 64-66. However, Gregory felt that the manner in which the school district implemented the intensive assistance action plan was "oppressive," and she ultimately decided to resign her position. *Id.* at 67. Ferguson negotiated the terms of her resignation with the school district, although Gregory testified that her meetings with Ferguson were short and unsatisfactory. Gregory eventually agreed that she would resign, and in return, the school district agreed to provide her and her family with health insurance through the end of 2007, or until she found other employment, as well as a positive letter of reference. These terms were included in a document titled "Separation Agreement and General Release" (hereinafter, "Separation Agreement" or "Agreement") that Gregory signed on April 19, 2007. The Agreement also stated that Gregory released the school district and all its employees from any and all claims arising out of her employment with Derry Township, and contained a clause in which she acknowledged that she fully understood the Agreement and had been given an opportunity to consult with an attorney.

The testimony at the hearing focused particularly on the details surrounding

3

Gregory's signing of the Separation Agreement. On April 19, 2007, Timothy Quinn, the school principal, called her to say that he was coming to her classroom with the Agreement for her to sign. Although Ferguson had negotiated the Agreement on Gregory's behalf, Gregory had never seen a copy of the document. Five to ten minutes after class ended, Quinn arrived with the Agreement, and Gregory reviewed it for about fifteen minutes with Quinn sitting at her side. Quinn was unable to answer all of Gregory's questions about the Agreement, but Quinn told her that it had already been approved by Ferguson. Between the time that Quinn called Gregory and when he arrived at her classroom, Gregory tried, unsuccessfully, to reach Ferguson by telephone. Gregory signed the Separation Agreement while Quinn was in her classroom. The following day, Gregory submitted a letter of resignation, effective June 30, 2007. Gregory continued to teach until the end of the school year.

The District Court granted summary judgment to the School District Defendants. The Court found that, based on the totality of the circumstances, Gregory had enough time to review the Separation Agreement before signing it, and that she did not sign under coercion or duress. The Court also dismissed Gregory's claims against Ferguson and another defendant because she never served them with the complaint. Gregory now appeals the dismissal of her claims against the School District Defendants.

## II.    Discussion

The District Court had jurisdiction over Gregory's claims under 28 U.S.C. §§ 1331

4

and 1343. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment *de novo*, applying the same standard of law as the district court. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Gregory argues that the District Court erred in granting summary judgment because a jury should have been allowed to determine whether she knowingly and intelligently released her claims against the School District Defendants when she signed the Separation Agreement. Courts in this circuit use a "totality of the circumstances" test to determine whether a party knowingly and intelligently waived litigation rights. *See Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 781 (3d Cir. 2007); *see also Cirillo v. Arco Chem. Co.*, 862 F.2d 448, 451 (3d Cir. 1988), *superseded by statute on other grounds, as recognized in Long v. Sears Roebuck & Co.*, 105 F.3d 1529, 1539 (3d Cir. 1997). Relevant factors in reviewing the totality of the circumstances include:

> (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether Plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in exchange for the

5

waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law.

*Cirillo*, 862 F.2d at 451.

No material facts relevant to the above factors are in dispute. Before us, as she did before the District Court, Gregory challenges the validity of the release almost exclusively on the basis of the third factor, the amount of time she had for deliberation before signing the Separation Agreement. Both parties agreed on the essential factual conditions under which she signed and the amount of time she had to deliberate. The District Court, was, thus, entitled to resolve the ultimate question of whether she knowingly and voluntarily released her right to bring claims against the School District Defendants. *See id.* at 452-55 (considering the totality of the circumstance factors and concluding, without the assistance of a jury, that a release was valid); *see also Bormann v. AT&T Commc'ns, Inc.*, 875 F.2d 399, 403-04 (2d Cir. 1989) (same); *Mosley v. Bay Ship Mgmt., Inc.*, 174 F. Supp. 2d 192, 196-99 (D.N.J. 2000) (same).

Nor was the District Court's ultimate determination in error. Despite the somewhat brief period during which Gregory reviewed the Separation Agreement—fifteen minutes—her representatives, including Ferguson, negotiated the terms of the Agreement and ensured that it contained what was most important to Gregory, most particularly continued health insurance[1] and a positive letter of recommendation. Her

---

[1]     The Derry Township Superintendent of Schools testified that it was atypical for the school district to provide health insurance to teachers following a resignation, and that the

6

representatives also ensured that she was allowed to resign at the end of the school year, rather than be fired. Notably, at the hearing, Gregory could not identify what it was in the Agreement that troubled or confused her.

Gregory contends as well that she signed the Agreement under duress. Quinn's act of sitting next to Gregory while she reviewed the Agreement may have made her uncomfortable and even pressured her into taking a course of action that deserved more reflection. But Pennsylvania law is clear that this would not constitute duress. Under Pennsylvania law, duress is defined as

> that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness: . . . The quality of firmness is assumed to exist in every person competent to contract, unless it appears that by reason of old age or other sufficient cause he is weak or infirm.

*Carrier v. William Penn Broad. Co.*, 233 A.2d 519, 521 (Pa. 1967) (quoting *Smith v. Lenchner*, 205 A.2d 626, 628 (Pa. Super. Ct. 1964)). Further, "where the contracting party is free to come and go and to consult with counsel, there can be no duress in the absence of threats of actual bodily harm." *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 893 (3d Cir. 1975) (citing *Carrier*, 233 A.2d at 521); *see also Wastak v. Lehigh Valley Health Network*, 342 F.3d 281, 295 (2003) ("[T]he law is clear that the existence of financial pressure to sign a waiver is insufficient to establish that it was executed involuntarily."); *Degenhardt v. Dillon Co.*, 669 A.2d 946, 951 (Pa. 1996)

---

district paid out more than $24,000 to medical providers for Ms. Gregory and her family through the end of 2007.

7

(rejecting argument that duress rule from *Carrier* is inapplicable when counsel is unavailable at the precise moment that an agreement is signed). Gregory was free to consult with counsel or to take the Agreement home and review it further, and she acknowledged that no one physically forced her or threatened her in any way if she failed to sign.[2]

### III.   Conclusion

We will affirm the order of the District Court.

---

[2]   Gregory takes issue with the District Court's decision to convert the School District Defendants' motion for judgment on the pleadings into a motion for summary judgment without giving her the opportunity for extended discovery. Because she failed to raise the issue with the District Court, she cannot do so now. *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").