**Elaine PILON, Appellant,**

v.

**UNIVERSITY OF MINNESOTA and The Regents of the University of Minnesota, Appellees.**

**No. 82–1794.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1983.

Decided June 28, 1983.

Dorsey & Whitney, Thomas Tinkham, Perry M. Wilson, III, Minneapolis, Minn., for appellees.

Pepin, Dayton, Herman, Graham & Getts by Carolyn Chalmers, Minneapolis, Minn., for appellant.

Before ROSS and ARNOLD, Circuit Judges, and SCHATZ, District Judge.*

ROSS, Circuit Judge.

Elaine Pilon filed this Title VII action against the University of Minnesota alleging that she had been discriminated against

---

* The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation.

on the basis of her sex. The district court [1] granted summary judgment for the university based on a general release signed by Pilon of all claims against the university. Pilon appeals from the grant of summary judgment.

Pilon was a graduate student at the University of Minnesota. In June 1977 she instituted a civil action in Hennepin County District Court against the university and others alleging that she had been discriminated against on the basis of her sex and age when she was denied a Ph.D. in Educational Administration. In December 1980 a settlement was reached in which the university agreed to pay Pilon $1,500.00 and Pilon agreed to execute a general release of all of her claims against the university and the other defendants. On March 17, 1981, Pilon signed a general release which had been prepared in part by her attorney.

In May 1981, two months after signing the release, Pilon filed a claim form pursuant to a consent decree entered into in *Rajender v. University of Minnesota*, Civ. No. 4–73–435 (D.Minn.). Pilon alleged in the claim form that between 1975 and 1980 she had applied for six faculty positions at the university and had been denied each position on the basis of her sex.

The university moved for summary judgment based on Pilon's general release of all claims against the university. On October 30, 1981, oral argument was held on the university's motion before special masters appointed by the federal district court pursuant to the *Rajender* consent decree. The special masters recommended that the district court enter summary judgment in favor of the university based on the general release. The district court adopted the special masters' proposed order granting summary judgment for the university.

The general release executed by Pilon stated in relevant part:

Elaine Pilon, on behalf of herself, her heirs, successors or assigns, agreed to and does hereby release acquit and forever discharge the University of Minnesota, the Regents, the employees of the University of Minnesota, and, specifically, the individuals named in this action, their heirs, executors, administrators, successors and assigns, from any and all manner of action or actions, suits, claims, damages, judgments, levies, and executions, whether known or unknown, liquidated or unliquidated, fixed or contingent, direct or indirect, which Elaine Pilon ever had, has or ever can, shall or may have or claim to have against these parties from any act or thing occurring prior to the date of the execution of this document and without limiting the generality of the foregoing:

To any and all claims which may have been asserted in a certain action pending in Hennepin County District Court entitled *Elaine Joyce Pilon vs. The Regents of the University of Minnesota, et al.*, File No. 736923.

The parties do not dispute the fact that the release is worded to clearly and unambiguously release all Pilon's claims against the university. Pilon contends that she did not intend the release to extinguish her *Rajender* claim and that in fact she informed her attorney that she wished to reserve this claim. Pilon argues that she did not knowingly and voluntarily waive her Title VII claim and therefore this action is not barred.

In support of her position, Pilon cites *Cox v. Allied Chemical Corp.*, 538 F.2d 1094 (5th Cir.1976), *cert. denied*, 434 U.S. 1051, 98 S.Ct. 903, 54 L.Ed.2d 804 (1978) in which the Fifth Circuit held that a relinquishment of Title VII rights must be voluntary and knowing. The court in *Cox* held that mere signature of a waiver form was "insufficient to establish a knowing, voluntary relinquishment of Title VII rights." *Id.* at 1098. We find *Cox* distinguishable on its facts. First, the wording of the release in the present case is clear and leaves no doubt that all claims potentially held by Pilon are

---

1. The Honorable Miles W. Lord, Chief Judge, United States District Court for the District of Minnesota.

waived. Second, counsel informed this court at oral argument that the employees in *Cox* were not advised by counsel before they signed the agreement.[2] Pilon, on the other hand, was represented by her attorney throughout the negotiation of the settlement. Additionally, the release signed by Pilon was negotiated by the parties. Counsel on both sides agreed to the language to be included in the release, and therefore the parties are assumed to be fully cognizant of the terms of the agreement. In *Cox,* the agreement signed by the employees was not a negotiated contract agreement but rather, was a standard EEOC form.

We are not convinced that the Fifth Circuit, if confronted with the facts in the present case would rule as it did in *Cox.* Nevertheless, we decline to adopt the rule asserted by Pilon that even where a waiver of Title VII rights is unambiguous, a court must inquire into the voluntariness of the employee's consent. If fraud or duress were claimed, Pilon would of course be entitled to show by evidence that she had not voluntarily signed the release, however clear and unambiguous its language; here, however, her claim at most is merely that her lawyer improperly advised her as to the legal effect of the words of the release. The general release signed by Pilon clearly bars the present action. We accordingly, affirm the judgment of the district court granting summary judgment for the university.

**2.** Footnote 5 in *Cox v. Allied Chemical Corp.,* 538 F.2d 1094, 1098 (5th Cir.1976), *cert. denied,* 434 U.S. 1051, 98 S.Ct. 903, 54 L.Ed.2d 804 (1978) refers to a "lawyer advising the employees who were signatories to the agreement."

Counsel at oral argument explained to this court that the attorney was employed either by the union or the employer and was not privately retained by the employees.