REED, Jerrildine

v.

**SMITHKLINE BECKMAN CORP.,**
**Howard Bates.**

Civ. A. No. 82–4326.

United States District Court,
E.D. Pennsylvania.

Aug. 17, 1983.

Arlan Mintz, Philadelphia, Pa., for plaintiff.

Sharon Klein Buck, Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

This action is brought under 42 U.S.C. § 2000e–5(f)(1). Plaintiff, a former employee of defendant corporation, was hired by defendant in 1970 in a non-legal capacity. She received the SmithKline Fellowship Award in 1980, was given leave from employment for one year, and planned to work in defendant's legal department upon law school graduation in 1981. However, plaintiff was arrested in May of 1981, and shortly thereafter the Pennsylvania Bar Examiners notified her that, as a result of her arrest, she would not be allowed to take the July 1981 administration of the Bar Examination.[1]

Plaintiff did not inform defendant of her legal problems. When defendant became aware of plaintiff's arrest and the Bar Examiners' decision, it met with plaintiff. At this July 17, 1981 meeting, defendant suggested that it might be in everyone's best interest if plaintiff found employment elsewhere and offered to pay plaintiff one year's salary if she left. Plaintiff discontinued employment with defendant in August 1981, but demanded that certain conditions be met before she agreed to defendant's termination proposal. Negotiations regarding the terms of plaintiff's departure from defendant ensued. Nearly six weeks later, an agreement was reached. Part of this agreement contained a release clause,[2] the

---

1. The charges against plaintiff were dismissed in March of 1982, and plaintiff's record was expunged in April of the same year.

2. The termination agreement states in pertinent part:

    We release you from any liability or claims for monies received under the Fellowship grant or any claim we might have arising out of your employment with SmithKline. You release SmithKline Corporation, its employees, agents and subsidiaries (SmithKline) from any liability of claims arising out of our not employing you following completion of the Fellowship grant and any other liability or claim you might have against SmithKline arising out of your employment or actions related to your legal problems which came to our attention.

validity of which is at issue in the instant case. In the privacy of her own home, plaintiff signed a termination agreement and other documents which defendant sent to her and returned them to defendant. Plaintiff received all the benefits agreed upon, including a final lump sum payment in January 1982 of the balance of the $32,000 settlement.

In March 1982, plaintiff filed a charge of sex and race discrimination in employment against defendant with the Equal Employment Opportunity Commission ("EEOC"), mentioning neither the agreement reached with defendant nor the $32,000 settlement. The EEOC found no reasonable cause to believe plaintiff's allegations of discrimination.

In October of 1982, plaintiff filed this action, alleging that defendant discriminated against her because of her race and sex, and averring that she executed the termination agreement under duress. Now before the court is defendant's motion for summary judgment. Defendant contends that no genuine issue of material fact is in dispute. Defendant also maintains that, since plaintiff's allegations of duress are insufficient as a matter of law, the release is valid, entitling defendant to summary judgment. Moreover, defendant asserts that, irrespective of the duress issue, plaintiff's acceptance of the benefits of the termination agreement constitutes a ratification of the release clause and a waiver of plaintiff's right to rescind. Plaintiff opposes the entry of summary judgment. She asserts that genuine issues of material fact remain unresolved and that she has not been given a reasonable opportunity to complete discovery.

In an order entered February 2, 1983, the court noted that duress was a key issue in the instant case. As I stated then,

[a]lthough the plaintiff alleges that defendant violated her civil rights, she essentially seeks to repudiate, on the grounds of duress and coercion, a contractual settlement with defendant from

Defendant's Motion for Summary Judgment,

which she has already derived economic benefit.

The parties stipulated that "[s]ince the defendant's motion presents this threshold issue [i.e., the validity of the release], discovery in [this case] will be stayed immediately and this stay of discovery will continue until this court rules on Defendant's Motion for Summary Judgment." Stipulation and Order, *Reed v. SmithKline Beckman Corp.,* No. 82–4326 (E.D.Pa. Apr. 25, 1983).

Although this case is before the court under federal question jurisdiction, the claims of duress and coercion are grounded in state law. Whatever the basis for federal jurisdiction, the *Erie* doctrine applies to any issue or claim which has its source in state law. *Maternally Yours v. Your Maternity Shop,* 234 F.2d 538, 540 n. 1 (2d Cir.1956); accord, *Three Rivers Motors Co. v. Ford Motor Co.,* 522 F.2d 885, 888 n. 5 (3d Cir.1975). Here, the validity of the termination agreement is at issue. Plaintiff and defendant are citizens of Pennsylvania. The termination agreement was executed in, and governed employment in, Pennsylvania. Thus, the law of Pennsylvania is the source of the state law claims.

█ Under Pennsylvania law, a signed release is binding upon the parties unless executed and procured through fraud, duress, accident, or mutual mistake. *Id.* at 892, citing *Kent v. Fair,* 392 Pa. 272, 140 A.2d 445 (1958); see also *Commonwealth of Pennsylvania v. Flaherty,* 547 F.Supp. 172 (W.D.Pa.1982). The natural and ordinary meaning of the language of the release demonstrates the intention of the parties and will prevail unless one of the parties unequivocally proves that the release is invalid. *Sears, Roebuck & Co. v. Jardel Co.,* 421 F.2d 1048, 1051 (3d Cir.1970); *Young v. Robertshaw Controls Co.,* 430 F.Supp. 1265, 1268 (E.D.Pa.1977); *Frank v. Volkswagenwerk, A.G. of West Germany,* 382 F.Supp. 1394, 1400 (E.D.Pa.1974), *modified on appeal,* 522 F.2d 321 (3d Cir.1975). The party alleging that the release is invalid has the burden of proving its invalidity. *Young,*

Exhibit G at 1.

430 F.Supp. at 1268; *Hohlweiler v. Pennsylvania R.R. Co.,* 294 F.Supp. 1377, 1381 (E.D. Pa.1969), *aff'd,* 436 F.2d 1382 (3d Cir.1971), *cert. denied,* 404 U.S. 884, 92 S.Ct. 220, 30 L.Ed.2d 167 (1971).

Similarly, "where the contracting party is free to come and go and to consult with counsel, there can be no duress in the absence of threats of actual bodily harm." *Carrier v. William Penn Broadcasting Co.,* 426 Pa. 427, 431, 233 A.2d 519, 521 (1967), *quoted in, Three Rivers Motors Co.,* 522 F.2d at 893. Mere economic or financial pressure does not suffice to invalidate a release. *Id.*

Plaintiff, a law school graduate, represented herself in the instant action until February of 1983. She negotiated with defendant for a period of almost six weeks, during which she extracted substantial concessions from defendant prior to signing the release. Further, during that time, plaintiff was represented by legal counsel with respect to the pending criminal charges, and was always free to consult with him or other counsel of her choice. Plaintiff argues that she signed the release under duress, "economic pressure to support herself and son",[3] and "desperation produced by corporation's improper firing,"[4] so as to protect herself from the "massive impending and threatened damage to her present and future ability to work."[5] In essence, plaintiff seeks to repudiate the settlement and release because of economic and career-related pressures.

Plaintiff admits in her deposition that no employee of defendant's ever threatened her with physical harm.[6] In the absence of threats of actual bodily harm, as a matter of law, there was no duress. This conclusion is supported by the decision of the Third Circuit in *Three Rivers Motors Co.* where the court stated,

[The facts offered to demonstrate duress] fail as a matter of law to constitute grounds for setting aside the release. At most, the facts indicate that economic conditions of the marketplace induced [plaintiff] to sign the release, but there is no allegation that [defendant] applied any illegal pressure. Duress is not established merely by showing that the release was given under pressure of the financial circumstances.... Moreover, under Pennsylvania law where the contracting party is free to come and go and to consult with counsel, there can be no duress in the absence of threats of actual bodily harm. *Carrier,* 426 Pa. 427, 430–31 [233 A.2d 519]. Thus, there can be no serious contention that [plaintiff] was unlawfully coerced into signing the release in the instant case....

522 F.2d at 893–94.

Plaintiff contends that summary judgment is inappropriate in the instant case for two reasons. First, she alleges that genuine issues of material fact remain unresolved. The court disagrees. The validity of the release, the only material issue in this case, is predicated upon a determination of the duress issue. I find that defendant has met its burden of establishing that, as a matter of law, duress did not exist. The other issues plaintiff raises[7] simply are not relevant to the validity of the release, and thus, are not unresolved "genuine issues of material fact".

Secondly, plaintiff contends that she has not been given a reasonable opportunity to complete the discovery she seeks and that defendant's motion for summary judgment, therefore, should not be granted. *Toebelman v. Missouri-Kansas Pipeline Co.,* 130 F.2d 1016, 1022 (3d Cir.1942); *see also Ward v. United States,* 471 F.2d 667 (3d Cir.1973). Plaintiff, by her counsel, agreed to stay all discovery pending resolution of the validity

---

**3.** Complaint at ¶ 13.

**4.** Plaintiff's Answer to Defendant's Motion for Summary Judgment at 6.

**5.** *Id.*

**6.** Defendant's Motion for Summary Judgment, Exhibit A at 64–66.

**7.** *E.g.,* whether there was a resignation by plaintiff or a termination by defendant; whether defendant had sufficient cause for discharging plaintiff.

of the release. *See supra* at 674. Further, as defendant points out, the release issue requires no further discovery since defendant's position is based entirely on plaintiff's own assertions in her complaint and deposition. Accordingly, the court finds unavailing plaintiff's argument.

Having concluded that, as a matter of law, defendant is entitled to judgment on the issue of the validity of the release, the court need not reach the alternative argument made by defendant—i.e., that acceptance of the economic benefits of the agreement without objection constituted ratification of the release and waived plaintiff's right to rescind it. The court notes however that, even if plaintiff had proven she was under duress when she signed the release, her subsequent acceptance of the benefits of the agreement without objection[8] constituted a ratification of the release. *Bata v. Central-Penn National Bank,* 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied,* 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967); *National Auto Brokers Corp. v. Aleeda Development Corp.,* 243 Pa.Super. 101, 364 A.2d 470 (1976); Restatement (Second) of Contracts § 380 comments a-b (1981). Similarly, by waiting for over one year after signing the release before filing the instant complaint (in which she objected for the first time to the release), plaintiff waived the right to rescind. *Id.* § 381.

An order follows.

## ORDER

AND NOW, this 17th day of August, 1983, the court has considered defendant's motion for summary judgment, plaintiff's answer thereto, and defendant's reply memorandum. For the reasons stated in the accompanying memorandum, IT IS ORDERED that defendant's motion for summary judgment is GRANTED.

---

8. Plaintiff does not contend that she objected while accepting the post-termination payments made and insurance benefits provided by SmithKline. Moreover, the record contains no indication of such an objection. *See* Deposition of Jerrildine Reed; Exhibits to Complaint; Exhibits to Plaintiff's Answer to Defendant's Motion for Summary Judgment.