**Dr. Nabil SAMMAN, Plaintiff,**

v.

**WHARTON ECONOMETRIC FORE-CASTING ASSOCIATES, INC., and Mr. Vahan Zanoyan, Defendants.**

Civ. A. No. 83-2685.

United States District Court, District of Columbia.

Jan. 13, 1984.

Michael A. Terry, Washington, D.C., for plaintiff.

William A. White, Mari M. Gursky, Alan D. Berkowitz, Deckert, Price & Rhoads, Philadelphia, Pa., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

The court now has before it the parties' briefs and replies on the issue of whether plaintiff's Title VII claims are barred by a release agreement he signed on March 22, 1983. In the first phase of this case, a jury trial was held on December 8-9, 1983, which ended with a verdict that the release was not invalid due to duress, fraudulent misrepresentation, or material breach by defendants. The court's task in this second phase is to examine the *scope* of the release—specifically, whether the general language of the release clause extends to plaintiff's Title VII claims.

The court finds that plaintiff's Title VII claims are barred by the unambiguous language of the release: "Dr. Samman hereby releases ... [defendants] from any and all claims, obligations and liabilities relating to Dr. Samman's employment with ... [defendant]." There can be no question that this language encompasses Dr. Samman's Title VII claims that he was paid a lower salary, denied travel and outside employment opportunities, harassed, placed on an involuntary leave of absence, and forced to resign. The release agreement was supported by consideration of $8,975.00. This is a typical example of the voluntary settlement of disputes, a process favored by the law in Title VII cases as in all others. *See, e.g., Pilon v. University of Minnesota,* 710 F.2d 466 (8th Cir.1983); *Runyan v. NCR Corp.,* 573 F.Supp. 1454 (S.D.Ohio 1983); *Reed v. SmithKline Beckman Corp.,* 569 F.Supp. 672, (E.D.Pa.1983).

Plaintiff attempts to avoid the consequences of his release by asserting that it was not voluntary and knowing as required by *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 52 n. 15, 94 S.Ct. 1011, 1021 n. 15, 39 L.Ed.2d 147 (1974). Because the jury

found that there was no duress or fraud in executing the agreement, plaintiff's position amounts, at best, to an assertion that he did not subjectively intend to release his Title VII claims. Both *Pilon* and *Runyan, supra,* illustrate that such a subjective belief is insufficient in the face of unambiguous language in a release agreement. Plaintiff's attempted reliance on an earlier draft of the release is precluded by the parole evidence rule, and his allegation of mistaken advice from an unnamed EEOC representative cannot support a departure from the plain meaning of the release clause itself. *See Pilon,* 710 F.2d at 468.

Finally, the court notes that it stretches credulity to suppose that defendants would have entered the agreement and paid plaintiff a substantial sum if they did not contemplate total protection from future litigation.

ORDERED that judgment is entered in favor of the defendants and against plaintiff on plaintiff's Title VII claims, and the Clerk is directed to enter final judgment on all claims in favor of defendants, and with costs to defendants.