**Dr. Nabil SAMMAN, Plaintiff,**

v.

**WHARTON ECONOMETRIC FORE-CASTING ASSOCIATES, INC., et al., Defendants.**

Civ. A. No. 83–2685.

United States District Court, District of Columbia.

March 15, 1984.

Michael Terry, Washington, D.C., for plaintiff at trial level.

Nabil Samman, pro se on motion for new trial.

Alan Berkowitz of Dechert, Price, & Rhoads, Philadelphia, Pa., William A. White, Dechert, Price & Rhoads, Washington, D.C., for defendants.

ORDER

CHARLES R. RICHEY, District Judge.

The court has before it plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(a) for a new trial and memoranda in support and opposition thereto. The case arose out of plaintiff's dispute with his former employer and supervisor. On December 8–9, 1983, a jury trial was held limited to the issue of the validity of a release signed by plaintiff, ending with a verdict that the release was not invalid due to duress, fraudulent misrepresentation, or material breach by defendants. The court subsequently decided, on January 13, 1984, that the release barred not only plaintiff's § 1981 claims, but his Title VII claims as well. 577 F.Supp. 934. Plaintiff's request for a new trial is based on a variety of bases: 1) an unfair trial; 2) the rejection of evidence and limiting of issues; 3) newly discovered evidence; 4) failure to make a decision about postponing the trial until December 2, 1983; 5) failure of defendant to answer interrogatories in a more timely manner; and 6) contradictory statements of defense witnesses.

The court finds that these claims are for the most part frivolous and do not require extended discussion. The pretrial period, although not lengthy, was adequate for plaintiff to prepare his case. Neither defendants' slightly tardy responses to interrogatories nor any other discovery problems justify granting a new trial. Similarly, there is no showing that any errors at the trial warrant relief under Rules 59(a) and 61. Plaintiff, now proceeding *pro se*, incorrectly attacks the exclusion of certain evidence at trial although its admission clearly would have violated the rules against hearsay and parol evidence. He also mischaracterizes the court's rulings on evidentiary issues as substantive limitations on the "theories" plaintiff could pursue. Throughout the pretrial conference and the trial, the court refused to allow plaintiff to present irrelevant material to the jury, despite plaintiff's insistence that

his nationality and the hostilities in the Middle East bore some relation to the issue of the release's validity. Plaintiff now asserts that this represented prejudice on the court's part. This frivolous attack is matched by allegations that defendants and their counsel engaged in misconduct, all of which are baseless. Both the court and defense counsel refrained from discussing the Middle East before the jury and plaintiff's "unfair publicity" claim is completely unpersuasive.

It is therefore by the court this 15 day of March, 1984,

ORDERED that plaintiff's motion for a new trial is hereby denied.