937 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Janice JONES and Clyde Jones, Plaintiffs-Appellants,
v.
PPG INDUSTRIES, INC., Defendant-Appellee.
 No. 90-3401.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Janice and Clyde Jones filed this suit against the defendant alleging that the defendant breached its settlement agreement with Janice that resulted from a prior Title VII action and that it suspended Clyde in retaliation for his wife's Title VII action and because of his race. The district court granted summary judgment for the defendant against both plaintiffs, and we affirm.
 
 
 2
 * Janice Jones, who is black, first filed suit against PPG for employment discrimination in 1980. Janice Jones, whose husband was also employed by PPG, had applied for a job at the plant the year before. She was turned down, allegedly because the company had a policy of not hiring the spouses of those already working at the plant. She discovered, however, that the company did hire a white woman, whose husband worked at the plant. Accordingly, Janice filed a discrimination suit against the defendant. The Ohio Civil Rights Commission has a mediation program, which facilitated a settlement between the parties. In the settlement, PPG agreed that it would give the plaintiff "the first available laborer job."
 
 
 3
 Unfortunately, PPG encountered tough economic times, and PPG did not hire laborers for quite a long period of time. In 1981, PPG hired some college students for the summer as temporary part-time employees. Those persons worked for the duration of the summer and none were offered full-time employment. Other than the summer college students, the defendant has not hired anyone since it signed the settlement agreement. Janice Jones filed this lawsuit in 1982. She maintains that the defendant breached the settlement agreement and that the defendant entered the agreement with a preexisting bad-faith intent to breach the agreement. According to the plaintiff, the bad-faith breach of the agreement revives the original cause of action.
 
 
 4
 Although there is not a great deal of authority on this issue, the parties seem to agree that a discrimination plaintiff can enter into a settlement, and that doing so forecloses the right to sue for the underlying Title VII violation. The Supreme Court has stated, in dicta, that "an employee may waive his cause of action under Title VII as part of a voluntary settlement." Alexander v. Gardner-Denver Co., 415 U.S. 36, 52 (1974). Various courts have interpreted this to mean that parties who enter into settlements of Title VII claims waive their right to proceed on the underlying claim. See, e.g., Pilon v. University of Minnesota, 710 F.2d 466 (8th Cir.1983); Vermit v. Hough, 606 F.Supp. 732, 745 (W.D.Mich.1984); Sherman v. Standard Rate Data Service Inc., 709 F.Supp. 1433 (N.D.Ill.1989). Any other rule would virtually eliminate the incentive for defendants to settle Title VII suits.
 
 
 5
 Nonetheless, we assume, for the sake of argument, that a preexisting bad-faith intent to breach a settlement agreement renders the original agreement void and would allow Jones to proceed with her claim. However, Jones has simply failed to provide any evidence from which anyone could infer that PPG had the intent to breach its agreement when it hired her. The undisputed facts show that PPG hired nobody in the position for which the plaintiff had applied. Indeed, the undisputed evidence was that the persons hired for the position that she had applied for in 1979 were laid off during this period. PPG was undergoing serious financial distress.
 
 
 6
 Janice Jones attempts to rely on her deposition testimony to demonstrate that there are material factual disputes. She believes, no doubt sincerely, that PPG entered into its settlement agreement with the intent to defraud her. Unfortunately, this subjective belief, with nothing to support it, is simply not adequate to place the issue before a jury. A plaintiff has the burden of coming forward with "significant probative evidence" to support a complaint. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986). Janice Jones has simply failed to do so. Her deposition merely reiterates the allegations of her complaint.
 
 
 7
 Nor has Janice Jones demonstrated that PPG breached its agreement at all. PPG agreed to give her the "first available" job. It is also undisputed that no jobs of the type that she applied for were available during the relevant time period. Accordingly, PPG did not breach its agreement. Of course, PPG's contractual obligation continues until jobs do become available. Janice Jones points to the hiring of the temporary part-time college students and suggests, in effect, that this demonstrates that PPG could have made room for her had it really wished to do so. Even if true, this point is not relevant. PPG only agreed to hire her if and when a certain position opened up. It did not agree to expedite opening such a position. Janice Jones testified, moreover, that she did not apply for a temporary part-time job, and would not have accepted one if it had been offered.
 
 II
 
 8
 Janice Jones's husband, Clyde Jones, also claims that he suffered an adverse job action as the result of racial discrimination. The gist of his argument is that the company suspended him either in order to retaliate against him because of his wife's lawsuit or in order to prevent him from becoming aware of a job opening for which she might become eligible. Alternatively, he claims that he was discriminated against because of his race.
 
 
 9
 Clyde Jones did not get along with a fellow employee named Harlan Smith. The two were assigned to work together and got into a fight. Clyde Jones was suspended for 30 days as the result of the fight (Harlan was fired). The district court determined that Jones had made out a prima facia case of race discrimination, but that PPG had come forward with an adequate race-neutral reason for the adverse job action--fighting. Clyde Jones had the burden of coming forward with some evidence that the stated reason was pretextual. See Canita v. Yellow Freight System, Inc., 903 F.2d 1064, 1067-68 (6th Cir.1990). He failed to do so.
 
 III
 
 10
 Both Clyde and Janice Jones also make claims under 42 U.S.C. Secs. 1981 & 1982. All of the conduct complained of in this case took place after the formation of the relevant contract and therefore falls outside of the scope of Sec. 1981. See Patterson v. McLean Credit Union, 109 S.Ct. 2363, 2373 (1989); Prather v. Dayton Power & Light Co., 918 F.2d 1255, 1256-58 (6th Cir.1990). Section 1982 is simply inapplicable by its terms, as that provision has to do with the right to hold real and personal property, a right not implicated in any way by the acts complained of herein.
 
 IV
 
 11
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable William O. Bertelsman, United States District Court for the Eastern District of Kentucky, sitting by designation