# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3650

_____

Antoinne Jones,

        Appellant,

v.

City of Columbia, Missouri,

        Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\* [UNPUBLISHED]
\*
\*

_____

Submitted:  August 14, 2003
Filed:  September 4, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Antoinne Jones appeals the district court's[1] adverse grant of summary judgment in his action brought under Title II of the Americans with Disabilities Act (ADA). Having reviewed the record de novo, see Wallin v. Minn. Dep't of Corr., 153 F.3d 681, 686 (8th Cir. 1998), cert. denied, 526 U.S. 1004 (1999), we affirm.

Jones, who is paralyzed below his middle chest because of a 1994 accident, was injured in April 1999 when he was struck by a car while crossing a street in

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Columbia, Missouri (Columbia), in his motorized wheelchair. Thereafter, Jones settled the claims he had brought against the driver and owner of the vehicle that struck him. In so doing, a release was signed by Jones's mother, who had power of attorney and who discussed the matter with Jones and received his permission before signing on his behalf. The release stated in relevant part that, for the sole consideration of $7,000, Jones released the vehicle's owner and driver as well as "all other persons and organizations who are or might be liable, from all claims for damages which [he] sustained as the result of" the April 1999 accident in Columbia; that Jones intended and agreed that the release would apply "to all of [his] claims arising from said accident, present and future, including, but not limited to, damage to or destruction of property; claims for known or unknown injuries, developments, consequences and permanency of those injuries; and there [was] no misunderstanding in this regard"; and that Jones had "carefully read" the release, knew its contents, and signed it of his "own free act."

After Jones brought the instant lawsuit against Columbia, asserting claims under ADA Title II,[2] Columbia moved for summary judgment based on the release. The district court granted Columbia's motion, and Jones appeals, contending that reversal is warranted because the district court should have applied a knowing-and-voluntary standard in determining whether the release barred him from pursuing his ADA claims against Columbia.

This court has yet to address whether claims under ADA Title II may be waived, and if so, what standard should be applied for evaluating the enforceability of such a waiver. Cf. Bledsoe v. Palm Beach County Soil & Water Conservation Dist., 133 F.3d 816, 819 (11th Cir.) (applying knowing-and-voluntary standard in evaluating enforceability of release of ADA Title II employment claim), cert. denied,

---

[2]He also asserted a state-law claim but the disposition of that claim is not at issue in this appeal.

525 U.S. 826 (1998); <u>Rivera-Flores v. Bristol-Myers Squibb Caribbean</u>, 112 F.3d 9, 11-12 (1st Cir. 1997) (applying same standard to release in ADA Title I employment case).

But assuming, without deciding, that the district court should have applied a knowing-and-voluntary standard in determining whether the release at issue barred Jones's ADA Title II claims against Columbia, we conclude that Jones has failed to produce sufficient facts showing that execution of the release was not knowing and voluntary. Jones is an educated person who was represented by counsel when the release, which was clearly worded, was executed. <u>Cf.</u> <u>Bledsoe</u>, 133 F.3d at 819 (examining such factors as employee's education and opportunity to consult with attorney, agreement's clarity, consideration given for waiver, and amount of time employee considered agreement before signing it). Further, his counsel apparently recognized the broad nature of the release when he sought its revision just prior to filing the instant lawsuit. <u>Cf.</u> <u>Wallin</u>, 153 F.3d at 689-90 n.8 (rejecting argument that failure to reference specific federal statute did not constitute waiver of rights under 42 U.S.C. § 1983); <u>Pilon v. Univ. of Minn.</u>, 710 F.2d 466, 468 (8th Cir. 1983) (rejecting suggestion that clear and unambiguous release was void because employee's attorney midsadvised her as to legal effect of words in release). Finally, as the district court noted, Jones submitted no evidence in support of the duress argument he raised below.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.