NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0682n.06

No. 08-4635

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Oct 13, 2009**
LEONARD GREEN, Clerk

KATHLEEN M. SHARP                              )
                                               )
    Plaintiff-Appellant,              )
                                               )
v.                                             )  ON APPEAL FROM THE UNITED
                                               )  STATES DISTRICT COURT FOR THE
WORTHINGTON CITY SCHOOL                        )  SOUTHERN DISTRICT OF OHIO
DISTRICT BOARD OF EDUCATION,                   )
                                               )
    Defendant-Appellee.               )

Before: DAUGHTREY, SUTTON and McKEAGUE, Circuit Judges.

SUTTON, Circuit Judge. Kathleen Sharp appeals the district court's dismissal of one federal claim (Title VII) and three related state-law claims against the Worthington City School District Board of Education. We affirm.

I.

Sharp taught in the Worthington school district from 1992 until the school board fired her in 2008. At some point near the end of her tenure, she filed discrimination charges against the board with the EEOC and the Ohio Civil Rights Commission.

Before the agencies took action on the charges, Sharp and the school board entered a settlement agreement. Sharp agreed to request that the EEOC and OCRC dismiss her charges and

waived her federal and state claims. In exchange, the board agreed to pay Sharp her full salary until October 2008, provided that, if asked, she would take on periodic work assignments. Shortly after the agreement's execution date, the board gave Sharp an assignment she found objectionable. She stopped reporting for the assignment, and the board stopped paying her salary. Sharp filed this lawsuit against the board, raising a Title VII claim and three state-law claims (employment discrimination, breach of the settlement agreement and intentional infliction of emotional distress).

The board moved to dismiss the complaint, arguing that Sharp released her discrimination claims in the settlement agreement, and that, without a lingering federal question, the remaining contract and tort claims belonged in state, not federal, court. Sharp did not dispute that she waived the Title VII claim in the settlement agreement. She argued instead that the board breached the settlement agreement in "bad faith," and that this bad-faith breach allowed her to pursue the released Title VII claim. The district court disagreed and dismissed the case.

II.

Sharp presses the same argument on appeal: that the board breached the agreement in "bad faith" and that the breach revives her federal claim. Her argument contains at least two flaws. To start, Sharp's complaint does not allege that the board breached the settlement in bad faith, only that the board "has not given Dr. Sharp any [subsequent] assignments" and "has not continued [her] salary." See Comp. ¶ 19. In the absence of an allegation that the board acted in bad faith, Sharp

cannot prevail, even if there were something to her legal position. One cannot sidestep a dismissal based on an allegation that has not been made.

Her legal position, at any rate, comes up short as well. We have never held that a mere allegation that a defendant breached a settlement agreement in "bad faith" by itself creates a federal question based on the federal nature of one of the released allegations. The Sixth Circuit decision on which Sharp relies assumed "for the sake of argument" that a bad-faith breach could void a settlement agreement, but it found no evidence of bad faith. *Jones v. PPG Indus., Inc.*, No. 90-3401, 1991 WL 122364, at *1 (6th Cir. July 9, 1991) (per curiam). The cited district court decisions offer no more help: Neither plaintiff alleged a bad-faith breach, and neither court recognized a bad-faith-breach exception. *Folley v. Henderson*, 175 F. Supp. 2d 1007, 1012 n.8 (S.D. Ohio 2001); *Hinton v. Lazaroff*, No. 2:03-CV-878, 2006 WL 2077039, at *4 (S.D. Ohio July 21, 2006). Because Sharp offers no support for her argument and does not otherwise contest the validity of the settlement agreement, Sharp's agreement to release her Title VII claim—her only federal claim—precludes the district court from hearing it.

That leaves her state-law claims, federal jurisdiction over which depends on their attachment to her Title VII claim. Br. 14. The district court permissibly dismissed them as well. Although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court properly dismisses a federal claim before trial, it customarily will dismiss the state-law claims as well—though without prejudice to their refiling in state court. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). No abuse of discretion occurred.

III.

For these reasons, we affirm.