**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3515
_____

MILES D. THOMAS,

Appellant,

v.

WILLIAM SANDSTROM, AMY KAUNAS, KEN HUGENDUBLER, HARRISBURG
AREA HUMANE SOCIETY, AND JOHN DOE (aka OFFICER WEAVER)

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-09-cv-01557)
District Judge:  Honorable John E. Jones, III

Submitted under Third Circuit LAR 34.1(a)
on October 27, 2011

Before:  FISHER, VANASKIE, and ROTH, Circuit Judges

(Opinion filed January 25, 2012)

_____

O P I N I O N
_____

**ROTH**, Circuit Judge:

Miles D. Thomas appeals the District Court's denial of his motion to reinstate

settled litigation.  He contends that the General Release he signed is void because he did

not voluntarily agree to release his claims. Because Thomas fails to present any evidence that he did not enter into a validly enforceable agreement, we will affirm the judgment of the District Court.

## I. **Background**

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On July 26, 2009, William Sandstrom, a Humane Society Police Officer, confiscated Thomas's dog, Baron, for apparent violations of Pennsylvania's animal cruelty laws. Several days later, Thomas signed a release that transferred his ownership of Baron to the Harrisburg Area Humane Society. Less than one month later, Thomas, believing that Sandstrom's seizure of Baron was unlawful and that Baron's transfer to the Humane Society was coerced, initiated this suit for violations of his civil rights.

After several months of litigation, the District Court referred this matter to a Magistrate Judge for voluntary mediation. Thomas was represented by counsel throughout the mediation. The Magistrate Judge informed Thomas and his counsel on four separate occasions of the voluntariness of the mediation The mediation process culminated in the parties reaching an amicable agreement. As a condition of the settlement, Thomas was required to execute a General Release. This document stated, in relevant part:

> For Sole Consideration of the return of the dog, Baron, to Miles Thomas, under the terms of the Foster Care Agreement . . . Thomas hereby releases and forever discharges William Sandstrom, Amy Kaunas, Ken

2

Hugendubler, The Harrisburg Area Humane Society and The Cincinnati Insurance Company . . . and all other persons . . . who might be claimed to be liable . . . from any and all claims, demands, damages, actions, causes of action . . . compensation or suits of any kind or nature whatsoever . . . [arising] from the alleged seizure of a dog, Baron.

Upon completion and execution of the Foster Care Agreement, and placement of the dog under the terms of the Foster Care Agreement with . . . [Thomas, he] agrees to settle and discontinue the [pending] litigation.

Under the terms of the Foster Care Agreement, Baron remained the property of the Humane Society, but resided with Thomas.

On February 17, 2010, Thomas executed the Foster Care Agreement. Two days later, the Humane Society delivered Baron to Thomas. Accordingly, the District Court entered an order dismissing this case "without prejudice to the right of either party, upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated." Approximately one month later, on March 19, 2010, Thomas moved to reinstate this action. The District Court denied the motion because settlement was consummated when the Humane Society return Baron, and Thomas had failed to show good cause for why the litigation should be reinstated. Thomas appealed.

## II. Discussion

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We have held that the law of the forum state applies in construing the terms of a general release. *Three Rivers Motor Co. v. Ford Motors Co.*, 522 F.2d 885, 892 (3d Cir. 1975). Under Pennsylvania law, "[a] signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake." *Id*. (citing *Kent v.*

3

*Fair*, 140 A.2d 445 (Pa. 1958)); *see Strickland v. Univ. of Scranton*, 700 A.2d 979, 986 (Pa. Super. Ct. 1997).

The crux of Thomas's claim is that the settlement agreement is unenforceable because he was coerced into signing the General Release "by the broken bond of love for his dog." Essentially, Thomas asserts that "duress . . . forced [him to sign the agreement and] . . . take every opportunity that he could to restore his bond of love with his dog." (*Id.* at 17.) However, under Pennsylvania law, "[d]uress is not established merely by showing that the release was given under pressure." *Three Rivers Motor Co.*, 522 F.2d at 893. Rather, "where the contracting party is free to come and go and to consult with counsel, there can be no duress in the absence of threats of actual bodily harm." *Id.; see Carrier v. William Penn Broad. Co.*, 233 A.2d 519, 521 (Pa. 1967). Here, Thomas was represented by counsel throughout the entire mediation and has not alleged or presented any evidence that he was threatened with bodily harm if he did not sign the General Release. Consequently, his claim of duress is insufficient to void the settlement agreement.

Thomas also asserts that this case must be reinstated with respect to John Doe a/k/a/ Officer Weaver because Weaver was not a party to the mediation or to the General Release. This argument is meritless. Thomas signed a general release that by its terms applied to "all other persons . . . who might be claimed liable," for claims arising out of the alleged seizure of Baron. Although Weaver was neither present at the mediation or specifically mentioned in this release, he is, nonetheless, discharged from any alleged liability because Thomas's claims against him arose from the incident with Baron. *Taylor*

4

*v. Solberg*, 778 A.2d 664, 667 (Pa. 2001) ("When the parties to a release agree not to sue each other or anyone else for a given event, this can effect a discharge of others who have not contributed consideration for the release. This is true even if the language of the release is general, releasing, for example, 'any and all other persons' rather than specifically naming the persons released") (internal citations omitted). The District Court, therefore, did not err when it denied Thomas's motion to reinstate the litigation against Weaver.

## III. <u>Conclusion</u>

For the foregoing reasons, we will affirm the judgment of the District Court.